-----o-----

## FANNIE DANIELLS v. NELSON DANIELLS.

*Estates of deceased persons—Statute of limitations.*

After the dissolution of a partnership, and pending the administration of the estate of one of the partners, the surviving partner collected a debt due to the firm. A daughter of the deceased partner, who was a minor when the debt was collected, sued the surviving partner, more than six years after he made the collection, to recover a share of the money collected. And it is held that the debt was due to the estate, and that the cause of action accrued in favor of the administrator when the money was collected, and that the statute of limitations was a bar to plaintiff's action; no attempt being made to bring her within the saving clause of the statute relating to concealment of cause of action.

Error to Clinton. (Daboll, J.) Submitted on briefs November 6, 1891. Judgment reversed December 22, 1891. Upon rehearing being granted, February 11, 1892,

the opinion was withheld, and the case argued May 11, 1892. Judgment of lower court affirmed June 10, 1892.

*Assumpsit.* Plaintiff brings error. The facts are stated in the opinion.

*H. J. Patterson,* for appellant.

*Van Zile & Robson,* for defendant.

McGRATH, J. This case was heard at the last October term, and reversed. Upon application made for a rehearing, the opinion was withheld. After reargument, we are satisfied that the judgment of the trial court should be affirmed.

Plaintiff brought *assumpsit* on the common counts, filing the following claim as a bill of particulars:

" The sum of one hundred and forty-one dollars and sixty-eight cents ($141.68) cash, defendant received on judgment rendered by S. Chadwick, justice of the peace, in Grand Ledge, Mich., in favor of this defendant, as surviving partner to David I. Daniells, deceased, rendered on the 29th day of November, 1875, and interest on the same at 7 per cent. from date of rendition to date, all of which this plaintiff claims as heir and only heir at law of David I. Daniells, deceased."

Defendant pleaded the general issue, the statute of limitations, and gave notice of set-off. The cause was heard without a jury. Judgment was rendered for defendant, and plaintiff appeals.

The court found, among other things, that in 1869 defendant and David Daniells, plaintiff's father, were copartners in business; that the partnership was dissolved in 1870; that afterwards, and before the month of May, 1874, David Daniells died, and in that month an administrator was appointed of his estate, who qualified; that the final account of said administrator was filed June 13,

92 MICH.—14.

1877, and he was discharged July 9, 1877, the estate having been duly administered; that in November, 1875, defendant, as survivor of said partnership, collected $291 from a debtor of said firm; that the plaintiff at the time of the death of her father, and at the time of the collection of said money, was an infant, and is now, February 2, 1891, 25 years of age, and that, if any claim existed against defendant in favor of the estate of David Daniells, it existed and became due to said estate during the time the said estate was in process of settlement, and during the time the said administrator was so in the discharge of his duties.

The court found, as a conclusion of law, that the plaintiff could not recover, for the reason that the debt was due to the estate, and could have been collected by the administrator, during the year 1875, and was therefore barred by the statute of limitations.

The court was correct. No attempt was made by the plaintiff to bring herself within the saving clause of the statute relating to concealment of the cause of action; hence the cause of action must be deemed to have accrued in favor of the administrator when the money was collected. The statute began then to operate, and no subsequent disability of plaintiff could check its operation. *Ten Eyck v. Wing,* 1 Mich. 40, 45; *De Mill v. Moffat,* 49 Id. 125.

Plaintiff's brief discusses the question of a new promise made by defendant to plaintiff, but the court's findings do not support the argument.

More than six years having since run before the commencement of this action, the plea of the statute of limitations must be held good.

The judgment is affirmed, with costs to defendant.

The other Justices concurred.